UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR25-053-JHC |
| Plaintiff, | |
| v. | |
| ROBERT O. BAGGETT, | **ORDER OF FORFEITURE** |
| Defendant. | |

THIS MATTER comes before the Court on the United States' Motion for Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Robert O. Baggett's interest in a sum of money (also known as a forfeiture money judgment) in the amount of $2,500, reflecting the proceeds Defendant Baggett personally obtained from *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, a lesser included offense of Count 1 of the Indictment.  Dkt. # 110.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

//

Order of Forfeiture - 1
*United States v. Baggett,* CR25-053-JHC

- The proceeds of *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, a lesser included offense of Count 1 of the Indictment, are forfeitable pursuant to 21 U.S.C. § 853(a);

- In his Plea Agreement, Defendant Baggett agreed to forfeit, pursuant to 21 U.S.C. § 853(a), a sum of money in the amount of $2,500, representing the proceeds he admits he personally obtained from the *Conspiracy to Distribute Controlled Substances* to which he entered a guilty plea (Dkt. No. 93, ¶¶ 8, 12);

- The forfeiture of this sum of money is separate and distinct from any restitution the Court may order in this case; and

- The forfeiture of this sum of money is personal to Defendant Baggett and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853(a), and his Plea Agreement, Defendant Baggett's interest in a sum of money in the amount of $2,500 is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final as to Defendant Baggett at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) No right, title, or interest in the identified sum of money exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $2,500; and

Order of Forfeiture - 2
*United States v. Baggett,* CR25-053-JHC

5) The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

DATED this 20th day of January, 2026.

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

Order of Forfeiture - 3
*United States v. Baggett,* CR25-053-JHC